IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN WENDELL MOORE and )
BRANDON KIRK JONES, )
)
Plaintiffs, )
)
v. ) 1:04CV396
)
TOWN OF CHAPEL HILL, a municipal )
corporation; GREGG JARVIES, individually )
and in his capacity as Chief of Police for the )
Town of Chapel Hill; EVERETT JOHNSON, )
individually and in his capacity as Police )
Captain for the Town of Chapel Hill; and )
W. CALVIN HORTON, individually and in )
his capacity as Town Manager for the )
Town of Chapel Hill, )
)
Defendants. )

MEMORANDUM OPINION

Beaty, District Judge.

This matter is before the Court on an unopposed Motion to Dismiss [Document #26] by Defendants Town of Chapel Hill ("Chapel Hill"), Chapel Hill Chief of Police Gregg Jarvies ("Jarvies") and Chapel Hill Town Manager Calvin Horton ("Horton"), and a separate unopposed Motion to Dismiss [Document #29] by Chapel Hill Police Captain Everett Johnson ("Johnson").

This Court previously dismissed claims brought by Plaintiffs Brandon K. Jones ("Jones") and John W. Moore ("Moore") pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., related to their discharge from employment as Chapel Hill police officers in June 2003. (See Order and Memorandum Opinion dated December 2, 2005

[Document #23, #24].)  Before exercising supplemental jurisdiction over Plaintiffs' state law claims, this Court allowed Defendants to address the viability of any remaining federal law claims.  On January 12, 2006 and January 13, 2006, Defendants filed the present Motions to Dismiss with respect to any remaining federal law claim Plaintiffs may have attempted to bring pursuant to 42 U.S.C. § 1981.

Plaintiffs did not file a Response to the Motions to Dismiss within the time period allowed under the Local Rules.  On April 28, 2006, the Clerk of Court sent a letter to Plaintiffs noting that no response had been filed and informing Plaintiffs that the Motions to Dismiss would be referred to the Court on May 15, 2006 as unopposed motions pursuant to Local Rule 7.3.  Local Rule 7.3(k) provides that "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  To date, Plaintiffs still have not filed a Response or Opposition to the Motions to Dismiss.

The Court has reviewed the Motions to Dismiss and, in light of Plaintiffs' failure to respond and the unopposed nature of the Motions, the Court concludes that the Motions to Dismiss should be granted.  Therefore, Plaintiffs' remaining federal claims, including any claims pursuant to 42 U.S.C. § 1981, will be dismissed with prejudice.  With respect to Plaintiffs' state law claims, the Court will decline to exercise supplemental jurisdiction over those state law claims.  See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where the claims over which it has original jurisdiction have been

2

dismissed); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Therefore, all of Plaintiffs' state law claims will be dismissed pursuant to 28 U.S.C. § 1367(c) without prejudice to Plaintiffs pursuing those claims in state court.

VI. CONCLUSION

For the reasons discussed above, Defendants' unopposed Motions to Dismiss [Document #26, #29] will be GRANTED, and Plaintiffs' remaining federal law claims, including any claim pursuant to 42 U.S.C. § 1981, will be DISMISSED WITH PREJUDICE. Having dismissed all of Plaintiffs' federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims. Therefore, Plaintiffs' state law claims will be DISMISSED WITHOUT PREJUDICE to Plaintiffs' right to pursue those claims in state court within one year of the entry of this Memorandum Opinion.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 22nd day of June, 2006.

_____
United States District Judge